Memorandum. The order of the Appellate Division should be affirmed.
Plaintiff seeks alternative relief—preferably an order compelling defendants to submit the dispute between them to arbitration, or, if not that, then a judicial resolution of such dispute and money damages. While there is no doubt as to the sufficiency of the attachment as a predicate for jurisdiction quasi in rem with respect to the claim for money damages, it is not clear whether such an attachment would be a sufficient jurisdictional basis to support a special proceeding to compel arbitration.
In the present case we do not reach or consider this latter issue in concluding that the order of the Appellate Division should be affirmed. On the one hand, if the attachment does not provide a basis for such jurisdiction then surely the dismissal of that branch of plaintiff’s action should not be disturbed. On the other hand, if it be considered that the court does have limited jurisdiction to entertain both the *931 claim for a money judgment and the application to compel arbitration, we conclude that there was no error when the courts below declined to exercise such jurisdiction on the ground of forum non conveniens.
Were there substance to plaintiffs contention that there was a valid agreement between the parties to submit their dispute to arbitration in New York, such circumstance would have been a relevant consideration, to be weighed with others, in the resolution of the forum non conveniens issue. In this instance, however, we conclude that the parties were not bound by any agreement to arbitrate. The agreement on which plaintiff would rely is found in the memorandum of agreement between defendants and the ship owners. It refers only to disputes arising in connection with the interpretation and fulfillment of that contract, not the subsequent contract between plaintiff and defendants. We observe additionally that while reference is made in the latter contract to defendants’ agreement with the owners, the agreement between plaintiff and defendants does not take the form of an assignment, nor does it contain, expressly or by implication, any assumption of commitment to the arbitration forum.
Additionally, we note that, even were we to conclude that there had been a valid agreement between the parties to submit to arbitration, plaintiff here had waived his right to insist on that forum. He had sought and obtained an attachment in jurisdictional support of a judicial action for a money judgment. It was only after defendants had moved in that action to dismiss on jurisdictional grounds that plaintiff first advanced his desire to seek an arbitrational rather than a judicial remedy.
In this state of the record we perceive no failure on the part of the lower courts in their address to the forum non conveniens issue "to take into account all the various factors entitled to consideration” (Varkonyi v Varig, 22 NY2d 333, 337), and such being the case we do not substitute our evaluation of the weight to be attached to such factors, singly or in combination, for that of the lower courts (Irrigation & Ind. Development Corp. v Indag S.A., 37 NY2d 522, 525; Sannazzari v Pan Amer. World Airlines, 35 NY2d 690, 692; Varkonyi v Varig, 22 NY2d 333, mots for rearg den 22 NY2d 972, 973, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*932 Order affirmed, with costs, in a memorandum.