Memorandum. The order of the Appellate Division should be affirmed, with costs.
 

 We hold that petitioner did not move properly for a stay of arbitration within the 20-day time limit required by CPLR 7503 (subd [c]). Petitioner’s attempted compliance by sending respondent a copy of an application to stay arbitration, within the required period, by ordinary mail does not satisfy the requirements of that provision, which states "[njotice of such application [to stay arbitration] shall be served in the same manner as a summons or by registered or certified mail, return receipt requested”. Petitioner urges that our holding in
 
 Matter of Knickerbocker Ins. Co. [Gilbert]
 
 (28 NY2d 57) is authority for the service attempted in the case before us. We do not agree. In that case, service of the notice to stay arbitration was effected by posting a certified letter, return receipt requested (as specifically required by law), the letter being addressed to claimant’s attorney. This court there held,
 
 inter alia,
 
 that the service was proper since the demand for arbitration was served by claimant’s attorney (whose name and address appeared thereon) on behalf of the claimant, in the first instance; and that there was, in effect, an appointment of claimant’s attorney as agent for service. Of interest, following the decision in
 
 Knickerbocker (supra),
 
 CPLR 7503 (subd [c]) was amended to statutorily permit service of an application to stay arbitration upon claimant’s attorney "if the attorney’s name appears on the demand for arbitration or the notice of intention to arbitrate”. At all times, however, and regardless of to whom the application to stay is addressed, service has been required to be made "in the same manner as
 
 *1022
 
 a summons or by registered or certified mail, return receipt requested”. Since there was a lack of compliance, the present proceeding was jurisdictionally defective, and there must be an affirmance.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.