■ In the Matter of SPIRS TRADING Co., LTD., Appellant, v OCCIDENTAL YARNS, INC., Respondent.—Order, Supreme Court, New York County, entered July 31, 1979, denying petitioner-appellant's motion to stay arbitration, reversed, on the law and the facts, and the stay of arbitration granted, with costs. Petitioner-appellant purchased yarn from respondent. Each of the purchase orders contained an arbitration clause which provided for arbitration of "any claim or controversy which may arise out of or relating to this contract or breach thereof." In April, 1979, respondent commenced a breach of contract action for yarn sold and delivered, in Superior Court, Kent County, Rhode Island. Respondent obtained jurisdiction on the basis of

a writ of attachment against the appellant. Thereafter, appellant sought and obtained removal to the United States District Court for the District of Rhode Island. The District Court determined that the attachment was not appropriate. Thereafter, the parties entered into a stipulation, which was entered in the District Court, whereby the parties agreed to dismiss the action "without prejudice". Prior to this discontinuance, but after the denial of attachment, respondent served a demand for arbitration which relied on the identical claim which was the subject of the Rhode Island action. Appellant then applied for a stay of arbitration pursuant to CPLR 7503, contending that the prior litigation commenced by the respondent constituted a waiver of the right of arbitration. At about the same time, appellant and other plaintiffs commenced an action founded in tort and contract against respondent and 10 other defendants in Supreme Court, New York County. Judge Myers granted respondent's application to stay that action and compel arbitration. However, no order has been entered as yet on that decision, and an appeal therefrom is not before this court at this time. The courts of this State, in regularly interpreting CPLR article 75 and its predecessor, article 84 of the Civil Practice Act, have consistently supported and encouraged the use of arbitration. However, the right to arbitrate is not unfettered and irrevocable. (Matter of United Paper Mach. Corp. [Di Carlo], 19 AD2d 143, affd 14 NY2d 814.) The action of respondent herein in commencing an action at law for money damages and requesting provisional relief in Rhode Island, constituted a waiver of respondent's right to seek arbitration. To constitute a waiver there must be a showing of a relinquishment of a known right. Whether a party has waived its right to arbitrate depends upon whether the party demonstrates an intention to abandon that right. (Matter of Haupt v Rose, 265 NY 108.) The intent manifested at the time the Superior Court action in Rhode Island was commenced was respondent's desire to proceed in a judicial arena. Respondent's actions constituted a deliberate abandonment of its right to arbitration. A party entitled to demand arbitration waives that right by bringing an action involving the same claim. In Hadjioannou v Avramides (40 NY2d 929), the Court of Appeals stated that the act of procuring an attachment of a corporate defendant's assets for recovery of a deposit paid on a contract constituted a waiver of any subsequent rights of that party to seek or compel arbitration. Here, respondent sought and obtained an attachment to establish quasi in rem jurisdiction for the purposes of seeking recovery of goods sold and delivered and a money judgment alleged to be owed the respondent herein. Respondent now seeks to arbitrate in New York. Like the plaintiff in Hadjioannou, respondent has waived any rights to arbitrate. Respondent and appellant entered into a stipulation in the District Court in Rhode Island, whereby they agreed to dismiss that action "without prejudice". Respondent and appellant now disagree about the impact of the words "without prejudice". The words were directed to further court action to allow respondent to bring an action in a court with proper jurisdiction without being barred by reason of res judicata. (Cf. McLearn v Cowen & Co., 48 NY2d 696.) The words do not, as respondent suggests, manifest an intent to revert to the status quo before the commencement of the proceedings which gave both sides the right to invoke arbitration as a means to resolve their disputes. Concur—Kupferman, J. P., Birns, Fein, Sandler and Markewich, JJ.