■ In the Matter of BETH A. SEILER, Respondent, v KEMPER INSURANCE COMPANY, Appellant. — Order unanimously affirmed, with costs, in accordance with the following memorandum: Beth Anne Seiler was injured when an automobile owned and operated by Kemper's insured was struck by an unidentified hit-and-run vehicle. Kemper subsequently paid Seiler $10,000, the maximum coverage under its liability policy in settlement of her claim against Kemper's insured. When served with a demand for arbitration under the uninsured motorists indorsement of the policy, Kemper moved to stay arbitration on the basis that an award under the uninsured motorists indorsement was excluded by the terms of the policy which provided that any amount payable under that indorsement would be reduced by any amount paid under the liability portion. Special Term granted Seiler's cross motion to dismiss the petition and ordered Kemper to proceed to arbitration because Kemper's petition had been served by ordinary rather than registered mail as required under CPLR 7503 (subd [c]). The arbitrator found the Seiler had suffered damages in the amount of $33,000 and awarded her $10,000, the maximum recoverable under the uninsured motorists indorsement. Kemper opposed, arguing that Seiler was precluded from recovering under both the liability and uninsured motorists indorsements because of the afore-mentioned set-off provision. The arbitrator held that he was without jurisdiction to determine that issue since his jurisdiction was limited to the issues of fault and damages. In confirming that award, Special Term agreed with Kemper's interpretation of the set-off provision of the policy, but found such provision void as against public policy and legislative intent. ¶ Without addressing that issue, we believe that the award was properly confirmed. Kemper's petition for a stay was properly dismissed because it was not served by registered mail within 20 days following demand (CPLR 7503; *Matter of Yak Taxi v Teke,* 41 NY2d 1020, affg 52 AD2d 765; *Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, 196, affd 45 NY2d 847) and Kemper is now precluded from raising the same issue in opposition to confirmation of the arbitration award (see *Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274). "Once a party has participated in arbitration his ability to have the courts vacate or modify the award is limited by statute (CPLR 7511, subd [b], par 1; see, also, CPLR 7511, subd [c])" (*Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). The statute provides for vacating an arbitrator's award only where there is corruption, fraud, misconduct, impartiality, or where the arbitrator has exceeded his power or failed to follow the procedures of CPLR 7511. Inasmuch as none of those grounds was asserted, Special Term properly confirmed the arbitrator's award. (Appeal from order of Supreme Court, Erie County, Doyle, J. — arbitration.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.

■ CHARLES T. LANGDON, Respondent, v LINDA L. LANGDON, Appellant. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from judgment of Supreme Court, Oneida County, Inglehart, J. — divorce.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.