OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Petitioners move, by order to show cause, to reargue this court’s decision and order dated November 18, 1992 which dismissed petitioners’ application to stay arbitration as jurisdictionally defective on the ground that service of petitioners’ notice of petition was not properly served upon respondent in compliance with the provisions of CPLR 7503 (c).[1]
On December 15, 1963 a general real estate partnership was formed. Petitioner Henry Moskowitz was the majority partner and was named manager. Several minority partners participated, including Ethel Baumohl. On July 1, 1988 Ethel Baumohl assigned all her right, title and interest in the partnership to the Ethel Baumohl Revocable Trust dated January 14, 1988, Lillian Oringer and Marvin Lieberman, Trustees. On September 21, 1992 respondent Marvin Lieberman, as Trustee under the Ethel Baumohl Revocable Trust, served a demand for arbitration of certain disputes concerning the conduct of the partnership pursuant to paragraph 11 of the partnership agreement. On October 2, 1992 petitioner Moskowitz filed a notice of petition to stay arbitration under CPLR article 75 with the clerk of this court, and served the notice of petition upon respondent’s attorney by overnight express mail. Respondent objected to the petition on the ground, among others, of improper service. By the order of November 18, 1992 petitioners’ application was denied as improperly served under CPLR 7503 (c) and thus jurisdictionally defective. On November 25, 1992 petitioners brought this motion for reargument of the order.
The issue before the court on this reargument motion is whether, under the new statutory amendments to the Civil Practice Law and Rules (CPLR) in effect for the Supreme and County Courts since July 1, 1992, the timely filing with the clerk of the court of a petition to stay arbitration under CPLR 7503 diminishes petitioners’ obligation to effect service of the *1033 notice of petition upon respondent in compliance with preexisting statutory requirements. Petitioners claim, among other things, that the court misapplied and misapprehended the law in light of the recent amendments to the CPLR concerning the commencement of an action or special proceeding in this court, and assert that the precedents relied on in the order (Matter of Yak Taxi v Teke, 41 NY2d 1020; Matter of J.P.L., Inc. v L & A Music Co., 112 AD2d 230) have been superceded by the new statutory amendments.
The order refers to Matter of Yak Taxi (supra) and Matter of J.P.L., Inc. (supra) in support of the proposition that service of a petition to stay arbitration by a method other than that authorized by the governing statute renders the proceeding jurisdictionally defective.[2] Petitioners are mistaken in their assumption that the recent amendments to the CPLR super-ceded these precedents concerning method of service, and I hold that they remain good law.
On this motion, in addition to CPLR 7503 (c), the relevant statutes are CPLR 304 as amended by Laws of 1992 (ch 216, § 4) entitled "Method of commencing action or special proceeding”, and CPLR 306-b as added by Laws of 1992 (ch 216, § 7) entitled "Filing proof of service in an action commenced in supreme or county court”, effective July 1, 1992. While the amendments contained in chapter 216 of the Laws of 1992 (chapter 216) became effective on July 1, 1992, a transition period was afforded for actions commenced on or after July 1, 1992 to the extent that during the six-month period between the effective date of chapter 216 and December 31, 1992, an action[3] could be validly commenced either under the statute as it existed preamendment (whereby service of process marked the moment of commencement of the action) or in accordance with the amendments contained in chapter 216 (whereby the filing with the clerk of the court of the papers instituting the action marks the commencement of the action) (see, L 1992, ch 216, § 27).
*1034 As amended by chapter 216, CPLR 304 provides: "An action is commenced by filing a summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought. A special proceeding is commenced by filing a notice of petition or order to show cause with the clerk of the court in the county in which the special proceeding is brought. Where a court finds that circumstances prevent immediate filing with the clerk of the court, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence the action. For purposes of this section, and for purposes of section two hundred three[4] of this chapter, filing shall mean the delivery of the summons with notice or summons and complaint to the clerk together with any fee required as specified in rule twenty-one hundred two of this chapter for filing” (emphasis added). New CPLR 306-b (added by L 1992, ch 216, § 7) provides:
"(a) Proof of service of the summons and complaint, summons with notice, or of the third-party summons and complaint shall be filed with the clerk of the court within one hundred twenty days after the date of filing of the summons and complaint, summons with notice or third-party summons and complaint, provided that in an action or proceeding where the applicable statute of limitations is four months or less, such proof of service must be filed not later than fifteen days after the date on which the applicable statute of limitations expires. If proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action or third-party action shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs.
"(b) If an action dismissed for failure to file proof of service pursuant to this section or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within *1035 such one hundred twenty day period. Where the claim asserted is in a proceeding against a body or officer which must be commenced within four months or less, the plaintiff must commence the new action and serve the defendant with[in] fifteen days of such dismissal” (emphasis added).
Although not raised in the original proceeding, petitioners now contend on reargument that they proceeded under the new amendments to the CPLR by timely filing their notice of petition with the clerk on October 2, 1992, and therefore, as a matter of law, since their petition for a stay was timely filed with the clerk and properly commenced by such filing under CPLR 304, as amended, the court retains jurisdiction in the matter and the manner of service of the petition is no longer critical. Petitioners claim that even if this court accepts respondent’s assertion that respondent did not agree to accept service by other than statutorily prescribed methods, the deficiency is "but a lack of service”, a mere irregularity which petitioners should be permitted to correct by leave of this court to re-serve properly. Petitioners do not claim that proof of service of the notice of petition upon respondent was ever filed with the clerk.
Petitioners’ argument that the manner of service of papers in a special proceeding is less critical under the new rules is misplaced. Nowhere do the new rules eliminate or modify the requirements of how papers or process must be served upon a respondent or defendant. Nowhere does chapter 216 relax the clear and unequivocal service requirements of the CPLR (see, e.g., CPLR 308, 403). Petitioners confuse the fact of service with the filing of proof of service requirements of CPLR 306-b.
"The general rule of [CPLR] 306-b (a) is that proof of service must be filed with the clerk of the court within 120 days after the process was initially filed by the plaintiff. * * * Thus, the defendant must be served with process in sufficient time to effect a filing of proof of that service no later than 120 days from the initial filing of process. (If the statute of limitations applicable to the action or proceeding is four months or less * * * proof of service must be filed no later than 15 days from the date on which the relevant statute of limitations expires)” (emphasis added). (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:l, 1993 Pocket Part, at 47-48; see generally, Siegel, Most Extensive Change In Practice Since CPLR’s Introduction In 1963 [Overview and Analysis of Chapter 216], NY St Law Dig, Nos. 390, 391 [hereinafter Overview].) In other words, the methods of *1036 effecting service to bring a defendant within the court’s jurisdiction remain unchanged but now proof of such service must be filed with the clerk within specified time periods after the initial filing of the action with the clerk for Statute of Limitations purposes. Moreover, regardless whether proper service may have been effected, if proof of such service is not filed within the prescribed time periods of CPLR 306-b the action or proceeding will be "deemed dismissed * * * without prejudice” unless the defendant or respondent has appeared in the action within the same period (see, CPLR 306-b [a]). Thus a petitioner is faced with two requirements regarding service under the new rules: (1) effecting proper service of process, and (2) filing proof of service in accordance with the new statutory amendments.
Petitioners’ argument that service in a special proceeding plays a less important role than before the amendments has some validity only in respect of the filing requirements of CPLR 306-b (a) concerning proof of such service. As set forth by Professor Siegel (Overview, op. cit., No. 390, at 6-7): "CPLR 306-b (a) is at best ambivalent about proof of service in a special proceeding. The reason for its hesitancy is that it overlooks that proof of service plays a less important role in a special proceeding than it does in an action. In both, a failure to appear will support a default judgment, of course, but in different ways. In an action, the court has no indication of whether the defendant has defaulted until the plaintiff establishes the default on papers, including the key one of proof that the defendant was duly served. A special proceeding, on the other hand, goes quickly before the court (like a motion), and if the respondent defaults the court will know it by the respondent’s absence on the return day of the proceeding. It is only at that point that proof of service in the proceeding becomes relevant. If the respondent has shown up, and argued the merits without objecting to jurisdiction, proof of service becomes irrelevant.” In any event, a defendant or respondent must be properly served. Moreover CPLR 306-b (b) specifically addresses the situation where, as here, there has been a failure to effect proper service. Under that provision, if the original proceeding was timely commenced by the initial filing of process with the clerk, and was dismissed, as here, without reaching the merits, petitioners had the right, without further leave of the court, to start a new proceeding by refiling their notice of petition and purchasing a new index number (see, CPLR 306-a), and properly serving it upon respondent within *1037 15 days after this court’s dismissal on November 18, 1992, or on or before December 3, 1992 (see, Alexander, Supp Practice Commentaries, op. cit., C306-b:2, C306-b:3, at 49-50; Siegel, Overview, op. cit., No. 390, at 7). This has the effect of extending the Statute of Limitations in respect of actions or proceedings that are dismissed for lack of personal jurisdiction (ibid.), which is the case here.
Pursuant to CPLR 7503 (c) an application to stay arbitration must be made within 20 days after service of the demand, which in this case occurred on September 21, 1992. This 20-day period has been widely held to be a Statute of Limitations. (See, Matter of Jonathan Logan, Inc. [Stillwater Worsted Mills], 31 AD2d 208 [1968], affd 24 NY2d 898 [1969].) Here, petitioners’ application for a stay of arbitration was timely filed within the 20-day period on October 2, 1992, and therefore the proceeding was timely commenced.
Service upon respondent was to be effected, pursuant to CPLR 7503 (c), "in the same manner as a summons or by registered or certified mail, return receipt requested”. This was not done. However, petitioners claim that they proceeded under the amended statutes. Under CPLR 306-b (a) proof of such service was to be filed with the clerk on or before 15 days after the expiration of the Statute of Limitations, in this case, on or before October 26, 1992, absent which the petition would automatically be deemed dismissed if respondent did not appear. In such event, under CPLR 306-b (b), petitioners would have had the option to commence a new proceeding upon the same transaction despite the expiration of the Statute of Limitations, within 15 days of such automatic dismissal, or on or before November 10, 1992.
Here, respondent did appear and objected to jurisdiction by reason of improper service, and the petition was dismissed by the court on November 18, 1992 for failure to effect proper service of the notice of petition. Petitioners then had the option, under CPLR 306-b (b), to commence a new proceeding upon the same transaction despite the expiration of the Statute of Limitations after the commencement of the original proceeding, within 15 days of such dismissal, or on or before December 3, 1992. This was not done and instead, on November 25, 1992 petitioners brought on this motion to reargue, returnable December 7, 1992 and adjourned to December 15, 1992.
It is appropriate to point out here, that Statutes of Limita *1038 tians are not automatically tolled by the filing of motions for reargument or renewal (see, Markoff v South Nassau Community Hosp., 61 NY2d 283; Meneely v Hitachi Seiki USA, 175 AD2d 111; Rosenblum v 170 W. Vil. Assocs., 175 AD2d 702).[5]
Accordingly, while the Legislature has amended the procedure by which an action or special proceeding may be commenced for Statute of Limitations purposes, it has not amended or diminished the requirements of the manner of service of process which must be adhered to in order to insure that an opponent receives due notice of the action or proceeding. Service statutes are strictly construed (cf., Matter of Yak Taxi v Teke, supra; Matter of J.P.L., Inc. v L & A Music Co., supra) and this court lacks the authority to modify or overlook statutorily mandated methods of service. Here, the fact remains that respondent has not been served in accordance with the mandates of CPLR 7503 (c). Accordingly, since petitioners have failed to show that this court has misapplied or misapprehended controlling principles of law on the issue of whether petitioners’ service of the notice of petition upon respondent was effective, petitioners’ motion to reargue is denied, and I adhere to my original order that by reason of petitioners’ ineffective service the petition must be dismissed as jurisdictionally defective, without reaching the merits of the issues raised by petitioners.

. Since the petition was dismissed on this ground, the merits of the petition were not reached in the order.

. CPLR 7503 (c) specifically requires that notice of an application to stay arbitration "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. * * * Service * * * may be made upon [the adverse party’s] attorney if the attorney’s name appears on the demand for arbitration.”

. Under CPLR 105 (b) the term "action” is generally intended to include a special proceeding. "Thus the provisions of the CPLR governing actions control special proceedings as well, unless a special provision is made to the contrary, [cf, CPLR art 4]” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C105:l, at 41).

. CPLR 203, as amended by chapter 216, provides essentially that the Statute of Limitations stops running on an action upon the filing of process with the clerk of the court in the county in which the action is brought (see, CPLR 203 [c]).

. While it would appear that despite petitioners’ reargument request dated November 25, 1992 and made returnable on December 7, 1992, petitioners’ failure to commence a new proceeding and re-serve respondent properly on or before at least December 3, 1992, pursuant to CPLR 306-b (b), forever bars petitioners from now taking advantage of the provisions of CPLR 306-b, if it can be proved that no agreement to arbitrate exists as between petitioners and respondent, as petitioners have repeatedly asserted in these proceedings, then the 20-day Statute of Limitations of CPLR 7503 (c) may not be relevant to an application by petitioners to stay arbitration on the ground that no agreement to arbitrate exists (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264 [1982]; cf., Matter of Lane [Abel-Bey] 50 NY2d 864). If this appropriately is a case under Matter of Matarasso (supra) petitioners may not yet have run out of time to seek through a new application, properly filed and served, to stay arbitration on that ground (see, Alexander, Supp Practice Commentaries, op. cit., C306b:2, C306b:3, at 49, 50; Siegel, Overview, op. cit., No. 391, at 4-5).