KIDDER, PEABODY & CO., INCORPORATED, Plaintiff,

v.

COLLINS CMO FUND LIMITED, Defendant.

No. 94 Civ. 3598.

United States District Court, S.D. New York.

April 10, 1995.

Mitchell Lowenthal, Cleary Gottlieb Steen & Hamilton, New York City, for plaintiff.

Max Folkenflik, Folkenflik & McGerity, New York City, for defendant.

## MEMORANDUM ORDER

BATTS, District Judge:

Defendant Collins CMO Fund Limited ("Collins") has moved this Court for a stay of arbitration. For the reasons which follow, Collins' motion is denied.

The relevant facts are undisputed: On June 20, 1994, Collins mailed its application for a stay of arbitration, by ordinary mail, to Cleary, Gottlieb, Steen & Hamilton, attorneys for Kidder, Peabody & Co.

Pursuant to CPLR § 7503(c), an application to stay arbitration "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." Several courts have held that a failure to serve in this manner is fatal to the application. *See Yak Taxi, Inc. v. Teke,* 41 N.Y.2d 1020, 1021–22, 395 N.Y.S.2d 627, 363 N.E.2d 1372 (1977); *In the Matter of DeCharo and Cutco Industries, Inc.,* 183 A.D.2d 670, 586 N.Y.S.2d 489 (1st Dep't 1992); *J.P.L. Inc. v. L & A Music Co.,* 112 A.D.2d 230, 491 N.Y.S.2d 446 (2d Dep't 1985); *Seiler v. Kemper Ins. Co.,* 100 A.D.2d 735, 473 N.Y.S.2d 652 (4th Dep't 1984); *see also* Weinstein, Korn & Miller, *New York Civil Practice,* ¶ 7503.28 (1994). At all times, "service has been required to be made 'in the same manner as a summons or by registered or certified mail, return receipt requested.'" *Yak Taxi,* 41 N.Y.2d at 1021–22, 395 N.Y.S.2d 627, 363 N.E.2d 1372.

Defendant artfully argues that the strict procedural requirements of CPLR § 7503(c) are inapplicable to the case at bar. It states that the service mandate only applies when the application to stay arbitration is being used to commence a special proceeding. This is so, it argues, because service is being used to confer jurisdiction over the person. Thus, since defendant's application was made in a pending action, one in which a special proceeding had already been commenced, jurisdiction existed and there was no need to comply with the special service requirements of CPLR 7503(c).

Defendant's argument is not persuasive. CPLR § 7503(c) makes no distinction between applications to stay arbitration that are being used to commence a special proceeding and those that are simply made in the course of a pending action. The statute provides for no exceptions, stating only that "[n]otice of such application *shall* be served ... by registered or certified mail, return receipt requested." CPLR § 7503(c) (emphasis added).

Further, assuming that the mailing provision is a jurisdictional requirement, it is unclear that a special proceeding was ever commenced in this litigation which would be sufficient to obviate this requirement. The defendant points to the attachment in aid of arbitration as the special proceeding which conferred jurisdiction over the parties. It is not clear, however, whether "an attachment would be a sufficient jurisdictional basis to support a special proceeding." *Hadjioannou v. Avramides,* 40 N.Y.2d 929, 930, 389 N.Y.S.2d 833, 358 N.E.2d 516 (1976). Thus, the lack of compliance with CPLR § 7503(c) renders the present proceeding jurisdictionally defective.

In light of the federal policy favoring arbitration, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), and the defendant's failure to comply with the requirements of CPLR § 7503(c), defendant's motion to stay arbitration is hereby denied.

SO ORDERED.