■ In the Matter of METROPOLITAN CASUALTY & PROPERTY INSURANCE COMPANY, Appellant, v WILLIAM M. SUGGS, Respondent. [700 NYS2d 475] —Order, Supreme Court, New York County (William McCooe, J.), entered June 25, 1999, which dismissed Metropolitan Casualty & Property Insurance Company's petition to stay arbitration on the ground that the petition was not served in compliance with CPLR 7503 (c), unanimously affirmed, without costs.

Contrary to petitioner's argument, its service of papers in accordance with CPLR 403 (c) to initiate this proceeding brought pursuant to CPLR 7503 (c) was improper. In this connection, we reject petitioner's contention that it effectively complied with the requirement of CPLR 7503 (c) that notice of an application to stay arbitration be "served in the same manner as a summons" since it served its papers pursuant to court direction (see, CPLR 308 [5]). Petitioner never moved for relief pursuant to CPLR 308 (5) and has never shown in accordance with that section's requirement that service pursuant to CPLR 308 (1), (2) and (4) was impracticable (see, Dobkin v Chapman, 25 AD2d 745, affd 21 NY2d 490). Noncompliance with the explicit service requirements of CPLR 7503 (c) renders the proceeding jurisdictionally defective (see, Matter of Yak Taxi v Teke, 41 NY2d 1020; Matter of DeCharo [Cutco Indus.], 183 AD2d 670) and, accordingly, petitioner's proceeding was properly dismissed. We have considered petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.