In the Matter of ASHLEY CARTIER, Respondent, v COUNTY OF NASSAU et al., Appellants. [722 NYS2d 45] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered April 12, 2000, as, upon the granting of the appellants' motion to vacate their default in opposing the petition, granted the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the proceeding is dismissed.

On December 30, 1997, the petitioner filed a notice of petition with a return date of January 30, 1998, and a petition pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The petitioner served the notice of petition and petition by regular mail. The attorney for the appellants opposed the petition on the ground, *inter alia,* that service of process was improper. On January 30, 1998, the petitioner re-served the notice of petition and petition on the appellants pursuant to CPLR 311. The notice of petition contained a return date of January 30, 1998. The petition was

heard on October 21, 1998, and by order entered February 26, 1999, the Supreme Court granted the petition upon the appellants' default in opposing it. On February 25, 2000, the appellants moved pursuant to CPLR 5015 (a) (4) to vacate their default.

The Supreme Court properly granted the appellants' motion to vacate their default as the Supreme Court did not have personal jurisdiction over the appellants. The original service of the notice of petition and petition by ordinary mail was jurisdictionally defective (*see,* CPLR 403 [c]; *Matter of Yak Taxi v Teke,* 41 NY2d 1020; *Matter of Metropolitan Cas. & Prop. Ins. Co. v Suggs,* 268 AD2d 240; *Matter of Hanover Ins. Co. v McIntyre,* 142 AD2d 728; *Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900; *Matter of J. P.L., Inc. v L & A Music Co.,* 112 AD2d 230). The re-service of process which was accomplished on the return date of the petition was also jurisdictionally defective since it failed to give adequate notice of the return date to the appellants (*see, Matter of Hawkins v McCall,* 278 AD2d 638; *Matter of Vetrone v Mackin,* 216 AD2d 839; *Matter of Stream v Beisheim,* 34 AD2d 329, 330-331).

Since the Supreme Court did not have personal jurisdiction over the appellants, all subsequent proceedings were null and void (*see, Feinstein v Bergner,* 48 NY2d 234, 241; *Vega v City of New York,* 194 AD2d 537; *Ross v Eveready Ins. Co.,* 156 AD2d 657; *Mayers v Cadman Towers,* 89 AD2d 844, 845; *McMullen v Arnone,* 79 AD2d 496, 499). After the court properly vacated the appellants' default it did not have the authority to decide the petitioner's motion for leave to serve a late notice of claim nunc pro tunc. Therefore, so much of the court's order as granted the petition is vacated and the proceeding is dismissed. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.