■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v GEORGE CZUMAJ, Respondent. [780 NYS2d 254]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 1, 2003. The order denied the petition for an order permanently staying arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the petition is granted.

Memorandum: Respondent submitted claims for no-fault insurance benefits for injuries he sustained in a motor vehicle accident in September 1995. Petitioner denied respondent's claim for lost wages on May 6, 1996 and denied the balance of respondent's claim on September 3, 1996. Respondent served a demand for arbitration dated August 29, 2002 via Federal Express overnight mail with signature required. Petitioner thereupon commenced this proceeding seeking a permanent stay of arbitration.

We conclude that Supreme Court erred in denying the petition. We agree with petitioner that service of the demand for arbitration by Federal Express mail is jurisdictionally defective because Federal Express mail is not one of the permitted methods of service set forth in CPLR 7503 (c) (*see Matter of Spychalski [Continental Ins. Cos.]*, 58 AD2d 193, 196 [1977], *affd* 45 NY2d 847 [1978]; *Matter of Yak Taxi v Teke*, 41 NY2d 1020 [1977]; *Matter of Nationwide Ins. Enter. [Denga]*, 302 AD2d 929 [2003]; *Matter of Cartier v County of Nassau*, 281 AD2d 477 [2001]; *Matter of Metropolitan Cas. & Prop. Ins. Co. v Suggs*, 268 AD2d 240 [2000]; *cf.* CPLR 3216; *Balancio v American Optical Corp.*, 66 NY2d 750, 751 [1985]). We therefore reverse the order and grant the petition.

All concur except Green and Scudder, JJ., who dissent and vote to modify in accordance with the following memorandum.

Green and Scudder, JJ. (dissenting). We respectfully dissent. We disagree with the majority that the demand for arbitration by Federal Express mail is jurisdictionally defective because it is not one of the permitted methods of service set forth in CPLR 7503 (c), i.e., "in the same manner as a summons or by registered or certified mail, return receipt requested." In our view, the procedure used herein is analogous to personal service by mail as provided for in CPLR 312-a. Furthermore, such service is the functional equivalent of registered or certified mail, return receipt requested, inasmuch as both methods provide for accountability and reliability with respect to the mailing and receipt of the demand for arbitration (*see generally Secreto v International Bus. Machs. Corp.*, 194 Misc 2d 512, 513-514 [2003]). We therefore conclude that the demand for arbitration was properly served (*see Matter of Andy Floors [Tyler Constr. Corp.]*, 202 AD2d 938, 939 [1994]).

Having concluded that the service is not jurisdictionally defective, we further conclude that respondent's demand for arbitra-

tion is not time-barred with respect to the denial of respondent's claim in September 1996. Contrary to petitioner's contention, the demand was properly served within the applicable six-year statute of limitations (*see* CPLR 213 [2]; 7502 [b]; *see generally Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 193 [1982], *rearg denied* 56 NY2d 567 [1982], *cert denied* 459 US 837 [1982]). The remaining issue therefore is whether respondent's demand for arbitration is time-barred with respect to the denial of respondent's claim in May 1996. Respondent contends with respect thereto that, by filing the instant demand, he "re-filed" a demand for arbitration that was originally filed with the New York State Insurance Department and served on petitioner on October 1, 1997. He contends that his original demand was treated by the American Arbitration Association as "withdrawn without prejudice" because of settlement. Also pending at that time was a demand for arbitration made by a medical provider to which respondent had assigned his rights. Although the record establishes that arbitration hearings were scheduled and then adjourned by the American Arbitration Association, the record does not establish whether the hearings were to be conducted with respect to respondent's claim, the medical provider's claim, or both.

In denying the petition, Supreme Court determined that respondent filed a demand for arbitration in 1997 and that, because petitioner participated in a prior arbitration proceeding, it is barred from now seeking a stay of arbitration (*see* CPLR 7503 [b]). The court's determination that respondent filed a demand for arbitration in 1997 is unsupported by the record, which contains only a copy of a cover letter from respondent's attorney to the New York State Insurance Department and does not contain the demand for arbitration or the other enclosures discussed in the cover letter. Petitioner contends that it received only the cover letter. Petitioner further contends that it was never served with respondent's demand for arbitration and thus that it participated only in arbitration proceedings with respect to the medical provider.

As respondent correctly concedes, arbitration with respect to the denial of his claim in May 1996 is time-barred if it is determined that there was no prior arbitration proceeding between these parties. If, however, it is determined that there was a prior arbitration proceeding between these parties, then petitioner's "participation in the arbitration [proceeding] constituted a waiver of any right on [petitioner's] part to . . . obtain a stay of arbitration on statute of limitations grounds" (*Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-*

*CIO, Erie County White Collar Unit Local #815 [County of Erie],* 303 AD2d 1050, 1051; *see* CPLR 7503 [b]). We cannot determine from this record, however, whether there was any such prior arbitration proceeding and therefore conclude that the issue whether that claim is barred by the statute of limitations is a threshold question requiring a trial forthwith (*see* CPLR 7503 [a]). Thus, we would modify the order accordingly, and we would grant a trial with respect to that issue. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.