Matter of Travelers Personal Ins. Co. v Dratch (2020 NY Slip Op 03790)





Matter of Travelers Personal Ins. Co. v Dratch


2020 NY Slip Op 03790


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07655
 (Index No. 620707/18)

[*1]In the Matter of Travelers Personal Insurance Company, appellant, 
v
Lance Dratch, respondent-respondent; Hagerty Insurance Company, et al., proposed additional respondents.


Aloy O. Ibuzor, Melville, NY (Tamara Lefranc of counsel), for appellant.
The Sachs Firm, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated June 10, 2019. The order denied the petition and, in effect, dismissed the proceeding as untimely.
ORDERED that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The petitioner, Travelers Personal Insurance Company (hereinafter Travelers), commenced this proceeding pursuant to CPLR article 75 for a stay of the respondent's demand to arbitrate a claim for supplementary uninsured motorist benefits arising out of an alleged hit-and-run accident. The Supreme Court denied the petition and, in effect, dismissed the proceeding, determining that the petition was untimely because it was not filed within 20 days of service of the demand to arbitrate upon Travelers, as required by CPLR 7503(c). Travelers appeals.
The respondent asserts that it served two demands for arbitration pursuant to CPLR 7503(c) by certified mail, return receipt requested, and also sent demands for arbitration to Travelers by regular mail and email. However, Travelers established that the demands sent by certified mail were sent to the wrong address. In response to Travelers' showing that it never received the demands, the respondent failed to produce a signed return receipt. The 20-day time period to seek a stay of arbitration was not triggered by the respondent's emailing or mailing by regular mail of a demand to arbitrate, as such methods of service are not authorized by CPLR 7503(c) (see State Farm Mut. Auto. Ins. Co. v Szwec, 36 AD2d 863, 864; see also Matter of New York Cent. Mut. Fire Ins. Co. v Czumaj, 9 AD3d 833, 834). Accordingly, Travelers was not properly served with a demand for arbitration and was not precluded from seeking a stay of arbitration by the 20-day time limit.
Since the proceeding was erroneously dismissed as untimely, the Supreme Court did not consider its merits. Therefore, we remit the matter to the Supreme Court, Suffolk County, for consideration of the merits.
AUSTIN, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court