Matter of Hereford Ins. Co. v Joyner (2025 NY Slip Op 06319)

Matter of Hereford Ins. Co. v Joyner

2025 NY Slip Op 06319

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-07175
 (Index No. 529923/23)

[*1]In the Matter of Hereford Insurance Company, appellant, 
v
Marsha Joyner, respondent.

Melissa Brooks (Goldberg, Miller & Rubin, P.C., New York, NY [Harlan R. Schreiber], of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 9, 2024. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The petitioner, Hereford Insurance Company (hereinafter Hereford), commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of the respondent's claim for uninsured motorist benefits arising out of an alleged hit-and-run accident. After receiving a demand for arbitration from the respondent's attorney, Hereford served a notice of petition and petition to stay the arbitration upon the respondent's attorney by certified mail, return receipt requested. In an order dated May 9, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding, determining that Hereford had failed to show that jurisdiction had been obtained over the respondent, since Hereford had not produced a certified mail return receipt showing delivery of the petition. Hereford appeals.
With respect to service, CPLR 7503(c) provides that notice of an application to stay arbitration "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." The service requirements of CPLR 7503 have been strictly construed, and failure to serve in accordance with the statute renders the application jurisdictionally defective (see Matter of Yak Taxi v Teke, 41 NY2d 1020, 1022; Matter of New York Cent. Mut. Fire Ins. Co. v Czumaj, 9 AD3d 833, 834; Matter of Cartier v County of Nassau, 281 AD2d 477, 478). Moreover, "[a]lthough CPLR 7503(c) permits service of an application to stay arbitration upon a claimant's attorney if the attorney's name appears on the demand for arbitration or the notice of intention to arbitrate, at all times service must be made in the same manner as a summons or by registered or certified mail, return receipt requested" (Liberty Mut. Ins. Co. v Tigre, 6 Misc 3d 1035[A], 2004 NY Slip Op 51854[U], *3 [Sup Ct, Queens County]; see CPLR 7503[c]; Matter of Yak Taxi v Teke, 41 NY2d at 1022).
Here, Hereford submitted evidence consisting of, inter alia, an affidavit of service [*2]attesting to the service of the notice of petition and petition on October 19, 2023, upon the respondent's attorney at the address set forth in the demand for arbitration, by certified mail, return receipt requested. The affidavit of service included a notation with the certified mail item number, which matched the certified mail item number on a United States Postal Service "Track and Confirm" printout indicating that the item had been delivered on October 23, 2023. Contrary to the Supreme Court's determination, this evidence was sufficient to establish that the petition to stay arbitration was properly served upon the respondent's attorney pursuant to CPLR 7503 (see Allstate Ins. Co. v Padilla, 2012 NY Slip Op 32406[U] [Sup Ct, Suffolk County]; cf. New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 548).
Since the proceeding was improperly dismissed for lack of jurisdiction, the Supreme Court did not consider the merits of the petition. Under the circumstances, we remit the matter to the Supreme Court, Kings County, for consideration of the merits of the petition.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court