(February 25, 1982)

■ In the Matter of AMERICAN SECURITY INSURANCE COMPANY, Respondent, v BENJAMIN W. STANLEY, Respondent, and NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. — Appeal from the order and judgment (one paper) of the Supreme Court, New York County (Maresca, J.), entered May 29, 1981, is dismissed, without costs, as superseded by the order entered on August 19, 1981. Order, Supreme Court, New York County (Maresca, J.), entered August 19, 1981, which granted reargument but adhered to the order and judgment, entered May 29, 1981, modified, by granting renewal, and upon renewal, vacating so much of the order and judgment, entered May 29, 1981, as declared Nationwide to be a coinsurer, by directing that Nationwide be joined as an additional party respondent, and, as modified, affirmed, without costs. Respondent Stanley insured his motorcycle with petitioner American. Stanley, while on his motorcycle, was involved in an accident and he made a demand for arbitration under the American policy. American's application to stay arbitration against Stanley was denied as untimely by the original order of Special Term. That matter is not in dispute upon this appeal. Stanley had insured his car with respondent Nationwide. American had served its notice of petition and petition for a stay upon Nationwide by certified mail. However, the papers were returned because they were sent to an incorrect address. Thereupon, American re-served Nationwide by ordinary mail at the correct address. In its petition, American alleged that Nationwide was a coinsurer for the occurrence. Nationwide never submitted answering papers upon the original application. Special Term granted the branch of the petition to declare Nationwide a coinsurer without opposition. When Nationwide was eventually served with Special Term's original order, it made a timely motion to reargue and renew. Upon that motion, Nationwide contended that the court had never obtained jurisdiction over it. Therefore, the court's declaration that it was a coinsurer was not valid. Special Term granted reargument but adhered to its original determination. CPLR 7503 (subd [c]) is the statutory vehicle for, *inter alia,* staying arbitration. This statute may not be used to obtain jurisdiction over a nonparty to the arbitration. Therefore, even if the notice of petition and petition had been correctly served by certified mail, jurisdiction would not

have been obtained over Nationwide. In any event, service was made by ordinary mail so that there was an additional reason for American's failure to obtain jurisdiction. Since no jurisdiction was obtained over Nationwide, Special Term should not have made any declaration that it was a coinsurer. In its petition, American never specifically requested that Nationwide be joined as a party respondent to the proceeding for a stay. Nonetheless, that request is implicit in American's ultimate request that Nationwide be considered a coinsurer. Therefore, under CPLR 1003, Special Term should have directed that Nationwide be joined as an additional party respondent through the service of a supplemental notice of petition and a supplemental petition. It was unnecessary that Nationwide be served with any notice to join it under CPLR 1003. (*Schultze v Ocean Acc. & Guar. Corp.,* 239 App Div 309, 311.) Concur — Murphy, P. J., Kupferman, Markwich, Fein and Lynch, JJ.