■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and MILDRED GUY et al., Respondents, and LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent-Appellant. — Judgment entered July 8, 1982 in Supreme Court, New York County (Eugene Wolin, J.; Shanley Egeth, J. [deceased], at trial), which, *inter alia,* directed appellant Liberty Mutual Fire Insurance Co. to defend respondent Lockley in an action against her by respondent Guy, reversed, on the law, judgment is vacated, appellant Liberty Mutual is ordered joined as a necessary party and the matter is remanded to Trial Term for a *de novo* determination of whether or not the Lockley vehicle was insured by Liberty at the time of the accident, and the temporary stay of arbitration is continued pending resolution of the issue, all without costs. The statutory vehicle for staying arbitration "may not be used to obtain jurisdiction over a nonparty" (*Matter of American Security Ins. Co. v Stanley,* 86 AD2d 834). Liberty Mutual was never properly served in this action and though it appeared specially, showing that it had actual notice, Trial Term's direction that it proceed to trial did not amount to an order of joinder under CPLR 1003. The trial that was held was not transcribed so we have no record upon which to assess the findings of fact which form the basis for the judgment appealed from. Accordingly, we vacate that judgment, *sua sponte* order joinder of Liberty Mutual (CPLR 1003; *Judson v Central Vt. R. R. Co.,* 158 NY 597), and

direct a new trial to determine whether or not arbitration between petitioner Allcity and respondent Guy should proceed. Concur — Sullivan, Carro, Milonas and Alexander, JJ.

Murphy, P. J., dissents in a memorandum as follows: Petitioner Allcity Insurance Company applied for a permanent stay of the arbitration brought by Mildred Guy, the wife of its insured, Dennis Guy. The notice and petition were also served by certified mail, return receipt requested, upon Marjorie Lockley, the owner and operator of the other vehicle, and upon her purported insurer, Liberty Mutual Fire Insurance Company. Mildred Guy opposed this application; Lockley and Liberty did not submit any papers in opposition to the petition. Upon the conflicting evidence presented, Justice Williams correctly found that a preliminary trial was necessary to determine whether respondent Liberty had properly canceled the insurance policy on the Lockley vehicle. Although Justice Williams' order directed that a preliminary trial be held on the issue of coverage, it did not specifically state that Liberty should be joined as an additional party respondent. Likewise, his order did not direct that the notice and petition be re-served upon Liberty. Liberty's attorney appeared at the preliminary trial held before Justice Egeth. He argued that the trial court had no jurisdiction over Liberty because there was no specific order joining it as an additional party respondent. The attorney also maintained that the notice and petition had not been personally served upon Liberty. Upon questioning from the trial court, Liberty's attorney admitted that the original petition and Justice Williams' order had been mailed to his office. The trial court found that jurisdiction had been obtained over Liberty. After the preliminary trial, the court found that Liberty had not effectively revoked its insurance policy on the Lockley vehicle. Based on that determination, Mildred Guy's demand for arbitration was permanently stayed. Upon appeal, Liberty only raises the jurisdictional issue. While Justice Williams' order does not specifically direct that Liberty be joined as an additional party respondent, that is the clear and unmistakable conclusion to be drawn from that order. Hence, there is no merit to Liberty's contention that there was no order directing it to be joined as an additional party respondent. However, Liberty is correct in asserting that the original service upon it of the notice and the petition did not bring it within the jurisdiction of the court. Although the notice and petition were correctly served upon Liberty by certified mail, the court did not authorize its joinder. Hence, no jurisdiction was initially obtained over Liberty (CPLR 1003; *Matter of American Security Ins. Co. v Stanley,* 86 AD2d 834). When Justice Williams inferentially directed that Liberty be joined as a party respondent, it would have been better practice for Justice Williams to have ordered that a supplemental notice and a supplemental petition be served upon Liberty. Nonetheless, his failure to do so was not absolutely necessary. Liberty was already in possession of the original notice and petition. Thus, Justice Williams undoubtedly realized that it was unnecessary to direct that the original notice and petition, in supplemental form, be re-served upon Liberty. Upon the service of Justice Williams' order upon Liberty, the original notice and petition must be deemed to have become effective, *nunc pro tunc,* and to have conferred jurisdiction upon the court. The present case must be distinguished from *American Security Ins. Co. v Stanley* (*supra*) on one critical point. In this proceeding, judgment was entered against Liberty after it had properly been joined by an order of the court. In *American,* there was no outstanding order directing a preliminary trial or otherwise joining Nationwide as an additional party respondent. For the reasons stated, the judgment of the Supreme Court, New York County (Wolin, J.; Egeth, J., at trial), which permanently stayed arbitration, should be affirmed.