■ In the Matter of HANOVER INSURANCE COMPANY, Appellant, v WILLIAM McINTYRE et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner, Hanover Insurance Company, appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated January 5, 1987, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

A vehicle driven by the respondent William McIntyre was involved in a collision with another vehicle which allegedly lacked any insurance coverage. McIntyre subsequently served his insurance company, the petitioner herein, with a demand for arbitration, seeking recovery under the uninsured motorist endorsement contained in his policy. The petitioner, in turn, sought to stay arbitration on the ground that the offending vehicle may have been insured by the respondent Allstate Insurance Company (hereinafter Allstate) at the time of the collision. By order dated April 22, 1986, the Supreme Court granted the petitioner's unopposed motion for a preliminary stay of arbitration pending a hearing on the issue of whether the offending vehicle had been covered by insurance at the time of the occurrence. The petitioner was directed to serve Allstate within a specified period of time. The court's order further stated: "Upon the failure of petitioner to serve [Allstate] * * * the stay of arbitration shall be lifted."

A preliminary hearing was thereafter conducted. The court immediately inquired as to whether Allstate had been served with the appropriate papers since no representative had appeared in its behalf. The petitioner's counsel thereupon informed the court that Allstate had been "served" by way of

ordinary mail. As a result, the court, in an order dated January 5, 1987, lifted the preliminary stay and directed the parties to proceed to arbitration. The petitioner appealed from this order.

We find that the Supreme Court properly vacated the stay of arbitration since the petitioner failed to acquire jurisdiction over a necessary party, as required by a prior court order. It is well-settled that service by ordinary mail of a notice of petition to stay arbitration is jurisdictionally defective (see, Matter of Yak Taxi v Teke, 41 NY2d 1020; Matter of J.P.L., Inc. v L & A Music Co., 112 AD2d 230; Matter of American Mut. Liab. Ins. Co. v Gladstone, 83 AD2d 551). Moreover, the statutory vehicle for staying arbitration may not be used to obtain jurisdiction over a nonparty to arbitration (see, Matter of Allcity Ins. Co. [Guy—Liberty Mut. Fire Ins. Co.], 97 AD2d 374; Matter of American Sec. Ins. Co. v Stanley, 86 AD2d 834). Accordingly, the petitioner's attempt to serve Allstate by regular mail was an insufficient method by which to obtain jurisdiction over this previously unnamed party. Thus, the court merely abided by the terms of its order when it lifted the preliminary stay. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.