■ Lumbermens Mutual Casualty Company, Respondent, v Susie Oliphant, Respondent, and Hertz Corporation, Appellant.—In a proceeding pursuant to CPLR 7503 to stay arbitration, the Hertz Corporation appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 10, 1986, which denied its motion to vacate its default in answering and to dismiss the proceeding as against it for lack of in personam jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the proceeding is dismissed as against the appellant, and the proceeding as against Susie Oliphant is severed.

Susie Oliphant was allegedly injured when another vehicle, which left the scene of the accident and the identity of which is in dispute, struck her vehicle. The Supreme Court granted the petitioner, the insurer of Oliphant's vehicle, permission to join as an additional party to this proceeding the appellant Hertz Corporation, owner of what may have been the offending vehicle, and the insurance status of which is not in dispute. However, the order authorizing joinder did not also authorize service upon Hertz Corporation of the notice of petition by certified mail, return receipt requested. Although service of the notice of petition to stay arbitration by that method is sufficient to confer jurisdiction over a party to the proposed arbitration (see, CPLR 7503 [c]), it was insufficient to confer jurisdiction over the Hertz Corporation which was not a party to the proposed arbitration (see, Matter of Allcity Ins. Co. [Guy], 97 AD2d 374; Matter of American Sec. Ins. Co. v Stanley, 86 AD2d 834; see also, Matter of Hanover Ins. Co. v McIntyre, 142 AD2d 728, 729). Moreover, we decline to remit this matter to the Supreme Court, Queens County, for proper joinder and redetermination of whether the Hertz Corporation owned the allegedly offending vehicle. That issue is more properly litigated in a plenary action (cf., Allstate Ins. Co. v Szego, 38 AD2d 736). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.