■ In the Matter of ALLSTATE INSURANCE COMPANY, Re-

spondent, v IVAN PEREZ, Respondent, and AMICA MUTUAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about February 24, 1989, which, in substance, denied the motion of appellant, Amica Mutual Insurance Company (Amica), to vacate its default, is unanimously reversed, on the law and on the facts, motion is granted, matter is remanded to the trial court for joinder of Amica as an additional party to the special proceeding to stay arbitration, and a new preliminary trial is directed on the issue of whether Amica insured a vehicle operated by Mr. Harvey Stanley, also known as Stanley Harvey, with costs.

On November 12, 1985, at Bedford Avenue and Hancock Street, Kings County, a vehicle which was being operated by Mr. Ivan Perez and a vehicle which was being operated by Mr. Harvey Stanley, also known as Stanley Harvey (Mr. Stanley) allegedly collided. This accident allegedly resulted in injuries to Mr. Perez.

Thereafter, in October 1986, Mr. Perez commenced in the Supreme Court, Kings County, an action against Mr. Stanley to recover damages.

Since, in the Kings County action, Amica Mutual Insurance Company disclaimed coverage of the Stanley vehicle, Mr. Perez assumed that that vehicle was uninsured and, therefore, on February 17, 1987, he served upon the Allstate Insurance Company (Allstate), his insurance carrier, a demand to arbitrate based on the uninsured motorist endorsement contained in his policy with Allstate.

In response, Allstate, by notice of petition dated March 11, 1987, instituted a special proceeding in New York County against Mr. Perez and Amica to stay arbitration. While Mr. Perez opposed the petition, Amica did not appear. By order, Supreme Court, New York County (Alfred M. Ascione, J.), dated July 2, 1987, Allstate's petition was granted to the extent of directing a preliminary trial on the issues of: (1) whether the petition had been timely served, and (2) in the event that the hearing court determines the petition was timely, then it should determine whether the Stanley vehicle was insured at the time of the subject accident.

At the hearing, only Allstate and Mr. Perez participated. Since Allstate and Mr. Perez mutually agreed that the petition was timely, that issue became moot. After the hearing, when Amica was served with a proposed order which indicated that Justice Fingerhood, who presided, had found Amica

had insured the Stanley vehicle, it moved to vacate its default and reject the proposed order. By order, Supreme Court, New York County (Shirley Fingerhood, J.), Amica's motion was denied. Amica appeals.

Before us for the first time on appeal, Amica contends that Allstate, as a result of improper service of process, failed to obtain personal jurisdiction over it in the special proceeding to stay arbitration. Since Amica was neither a party to the insurance contract between Allstate and Mr. Perez nor a party to the arbitration demand of Mr. Perez, and Allstate had not sought leave of the court to join Amica as a party in the special proceeding, Amica argues that, in view of the fact it is a nonparty to that proceeding, Allstate's service upon it of a copy of the notice of petition, by certified mail, return receipt requested, was ineffective to obtain personal jurisdiction over it. In other words, Amica asserts proper service could only have been accomplished by service upon it of a summons.

After our review of the record, we find merit to Amica's argument, since we have held that jurisdiction cannot be obtained over a nonparty to an arbitration by service of a notice of petition and a petition to stay arbitration by certified mail, return receipt requested *(Matter of American Sec. Ins. Co. v Stanley,* 86 AD2d 834, 835 [1st Dept 1982]). In view of our finding that the hearing court did not have jurisdiction over Amica due to Allstate's improper service, it could not be guilty of a default *(see,* CPLR 5015 [a] [4]).

We agree with respondents, Allstate and Mr. Perez, that usually we will not consider an issue raised for the first time on appeal *(Glielmi v Toys "R" Us,* 94 AD2d 663, 664 [1st Dept 1983], *affd* 62 NY2d 664 [1984]). However, appellate courts make an exception to that general rule when there is a sufficient record on appeal and the issue is determinative *(see, Blue Grass Partners v Bruns Nordeman,* 75 AD2d 791, 793 [1st Dept 1980]). In the instant case, we find the issue of jurisdiction determinative, and our examination of the record indicates it fully supports the position of appellant Amica.

Accordingly, we reverse, grant Amica's motion to vacate its default, remand the matter to the trial court for joinder of Amica as an additional party to the special proceeding to stay arbitration, and direct a new preliminary trial on the issue of whether Amica insured the Stanley vehicle.

We have considered the other contentions of the parties and find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.