■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent. IRINA MARKOVICH et al., Respondents; EAGLE FUEL TRANSPORT, INC., Respondent; AIU INSURANCE Co., Appellant. [625 NYS2d 619] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the additional-party-respondent, AIU Insurance Co., appeals from an order of the Supreme Court, Kings County (Garry, J.), entered November 22, 1993, which denied its motion to vacate so much of a prior order of the same court dated March 15, 1993, entered upon its default, as deemed AIU Insurance Co. to have insured a vehicle owned by Eagle Fuel Transport, Inc.

Ordered that the order is reversed, on the law, with costs, the motion is granted, so much of the order dated March 15, 1993, as deemed AIU Insurance Co. to have insured the vehicle owned by Eagle Fuel Transport, Inc. is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Whether or not authorized by a court order, jurisdiction over a nonparty to a proceeding to stay arbitration cannot be obtained by service upon it of a notice of petition and petition by either ordinary mail or certified mail (including return receipt requested) *(see, e.g., Matter of Allstate Ins. Co. v Perez,* 157 AD2d 521; *Lumbermens Mut. Cas. Co. v Oliphant,* 152 AD2d 541; *Matter of Hanover Ins. Co. v McIntyre,* 142 AD2d 728; *Matter of Allcity Ins. Co. [Guy],* 97 AD2d 374; *Matter of American Sec. Ins. Co. v Stanley,* 86 AD2d 834). Here, the court did not order proper service upon AIU Insurance Co. (hereinafter AIU) of a supplemental notice of petition and a supplemental petition under CPLR 403 (c) and 1003 *(see,*

*Matter of Allcity Ins. Co. [Guy], supra; Matter of American Sec. Ins. Co. v Stanley, supra).* Rather the court merely directed the petitioner to mail to AIU, by regular and then by certified mail, a copy of its order joining AIU as a party and scheduling a framed issue hearing. Thus, proper service was never effected and jurisdiction was never obtained. Accordingly, the resulting default judgment is a nullity and must be vacated *(see, DeMartino v Rivera,* 148 AD2d 568, 569-570; *Chase Manhattan Bank v Carlson,* 113 AD2d 734, 735; *Shaw v Shaw,* 97 AD2d 403, 404; CPLR 5015 [a] [4]). Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.