■ CITY OF NEW YORK, Appellant, v CASTRO-BLANCO, PISCIONERI & ASSOCIATES, P. C., Respondent, et al., Defendants. (And a Third- and Fourth-Party Action.) [634 NYS2d 489] —Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 3, 1994, which denied plaintiff's motion for renewed consideration of defendant Castro-Blanco's successful prior motion to dismiss, unanimously reversed, on the law, renewal is granted, the prior motion to dismiss is denied, and the complaint reinstated, without costs. Appeal from the order, same court and Justice, entered April 26, 1994, which granted

said defendant's dismissal motion, is dismissed as subsumed in the subsequent appeal, without costs.

In connection with the rehabilitation of a former synagogue on the Grand Concourse to house the Bronx Museum of the Arts, the contract for architect's services set forth Castro-Blanco's responsibilities through five phases, from schematic design through construction. These services commenced in May 1984, and Castro-Blanco's last work on the project was performed in March 1991.

Actual construction was itself broken down into several phases (not to be confused with the aforementioned phases of basic service identified in the contract). One of those construction phases consisted of roof renovation, which Castro-Blanco maintains was completed in 1985. The architect further maintains that it returned to the site in 1989, upon plaintiff's invitation, to consult on corrective action with respect to an exterior wall problem.

In July 1992, after plaintiff hired another contractor to fix a leaky roof, this action was commenced for damages, alleging architect's malpractice. Castro-Blanco moved for dismissal of the complaint on the ground of statute of limitations, maintaining that completion of the roof construction in 1985 took the case outside both the 3-year statute for malpractice and the 6-year statute for breach of contract. In granting that motion, the IAS Court held that Castro-Blanco's professional relationship with plaintiff terminated when the former "left the scene in 1985"; the court further rejected any tolling of the statute under the "continuous treatment" doctrine.

In its motion for "renewal and reargument," plaintiff offered the affidavit of an official with the Department of General Services who was involved in monitoring cultural program construction projects. This official documented the four construction phases of the rehabilitation project, from 1984 through 1991, throughout which Castro-Blanco's services were utilized. (According to this proof, Castro-Blanco initially submitted five design phases for expansion and renovation, but only four of them—the first of which included the new roofs—were actually carried to construction.) Also submitted on the renewal motion was a December 1989 letter from Castro-Blanco to the Department of General Services, in connection with the fourth construction phase (interior renovations), in which the architect acknowledged, in passing, that "We have been working on this project for approximately ten years".

The "continuous treatment" doctrine operates to toll the running of the statute of limitations so long as the parties

continue their professional relationship to rectify the alleged act of malpractice. Strictly speaking, the doctrine is inapplicable here because Castro-Blanco's involvement was ongoing until 1991, notwithstanding the 4-year hiatus in this 17-year project after completion of the roofing phase. That phase may have been completed in 1985, but the architect's professional responsibility (and potential liability) to plaintiff was not terminated until completion of the entire construction project in 1991 (*Sosnow v Paul*, 36 NY2d 780, *affg* 43 AD2d 978). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.