■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v NANCY BOHL, Respondent. AMERICAN HOME ASSURANCE Co. et al., Proposed Additional Respondents. [694 NYS2d 72] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of Supreme Court, Nassau County (Joseph, J.), entered May 13, 1998, which denied its petition to stay arbitration and for leave pursuant to CPLR 401 to join proposed additional respondents.

Ordered that the order is reversed, on the law, with costs payable by the respondent-respondent, that branch of the petition which is for leave to join proposed additional respondents is granted, and the matter is remitted to the Supreme Court, Nassau County, for joinder of the proposed additional respondents as necessary parties and thereafter a determination, on the merits, of that branch of the petition which is to stay arbitration.

The respondent Nancy Bohl filed a notice of intent to arbitrate a claim simultaneously seeking uninsured and underinsured motorist benefits with the petitioner Liberty Mutual

Insurance Company (hereinafter Liberty), her insurance company, for injuries allegedly sustained in a multi-vehicle accident. Liberty thereafter commenced the underlying proceeding to stay arbitration pending the joinder of the proposed additional respondents, American Home Assurance Co., Worldwide Underwriters Insurance Co., and GEICO General Insurance Co., and a determination as to whether the vehicles involved were uninsured or underinsured. The police report proffered with the petition indicated that the proposed additional respondents insured the other vehicles in the accident. The Supreme Court denied the petition concluding that the notice of petition and petition were improperly served on the proposed additional respondents and the affidavit in support of the petition was improperly notarized, as the notary failed to date the jurat. We now reverse.

The petitioner Liberty established a prima facie case as to the existence of insurance coverage for the vehicles involved in the multi-vehicle accident by production of the police accident report which contained the vehicles' insurance code designations (*see, Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579; *Brogan v New Hampshire Ins. Co.,* 250 AD2d 562; *Matter of Eagle Ins. Co. v Sadiq,* 237 AD2d 605; *Matter of Centennial Ins. Co. v Capehart,* 220 AD2d 499). The respondent Bohl failed to answer the petition and rebut Liberty's prima facie case.

Contrary to the Supreme Court's conclusion, at that juncture of the proceeding, Liberty was not required to serve the proposed additional respondents since the court had not yet joined them as parties. Accordingly, Liberty could not obtain jurisdiction over these proposed additional respondents, regardless of whether the notice of petition and petition were served by regular or certified mail (*see, Matter of Eagle Ins. Co. v Natilishvili,* 248 AD2d 470; *Matter of Liberty Mut. Ins. Co. [Markovich-Eagle Fuel Transp.-AIU Ins. Co.],* 214 AD2d 734; *Matter of Allstate Ins. Co. v Perez,* 157 AD2d 521; *Lumbermens Mut. Cas. Co. v Oliphant,* 152 AD2d 541). Only by court-Ordered service upon the insurance companies of a supplemental notice of petition and a supplemental petition pursuant to CPLR 1003 (*see, Matter of Allcity Ins. Co. [Guy],* 97 AD2d 374; *Matter of American Sec. Ins. Co. v Stanley,* 86 AD2d 834), once they had been added as additional respondents, could proper service be effectuated.

Lastly, the omission of the date on the notary's jurat in the affidavit of Liberty's counsel in support of the petition was a technical defect of verification insufficient to warrant denial of

the petition (*see generally,* CPLR 3026; *Matter of Miller v Board of Assessors,* 91 NY2d 82, 86-87). In any event, in failing to notify the petitioner with due diligence of her intent to treat the petition as a nullity, the respondent Bohl waived her right to object to this defect in form (*see,* CPLR 3022; *Matter of Colon v Vacco,* 242 AD2d 973; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, *affd* 61 NY2d 874). Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.