■ In the Matter of the Arbitration between AMERICAN TRANSIT INSURANCE COMPANY, Petitioner, and MARTIN S. CARILLO, Respondent, et al., Respondents. EMPIRE INSURANCE COMPANY, Respondent-Appellant. [763 NYS2d 561] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered February 5, 2002, which denied additional respondent Empire Insurance Company's motion to vacate a judgment of the Special Referee granting a permanent stay of arbitration, and to dismiss the proceeding as against it, unanimously reversed, on the law and the facts, without costs, the motion granted and the judgment vacated.

Jurisdiction over a nonparty to a proceeding to stay arbitration cannot be obtained by the service upon it of the notice of petition and petition by either ordinary mail or certified mail, whether or not such service is authorized by a court order (*Matter of Liberty Mut. Ins. Co. [Markovich—Eagle Fuel Transp.—AIU Ins. Co.*], 214 AD2d 734 [1995]; *Matter of Allstate Ins. Co. v Perez,* 157 AD2d 521 [1990]). Once added to the proceeding by the court as an additional respondent, proper service could only have been effectuated on Empire Insurance Company (Empire) by court-ordered service of a supplemental notice of petition, and a supplemental petition, pursuant to CPLR 1003 (*Matter of Liberty Mut. Ins. Co. v Bohl,* 262 AD2d 645, 646 [1999]; *Matter of Allcity Ins. Co. [Guy],* 97 AD2d 374 [1983]).

In this matter, despite the fact that Empire was added as an additional respondent pursuant to two court orders, proper service was never effected pursuant to CPLR 1003 and, therefore, jurisdiction was never obtained. Accordingly, the judgment is a nullity. Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.