■ ROBERT S. OAKLEY, Plaintiff, v ALBANY MEDICAL CENTER et al., Appellants, and HOOSICK VALLEY CONTRACTORS, INC., Respondent. [832 NYS2d 694]—

Carpinello, J. Appeal from an order of the Supreme Court (Lalor, J.), entered August 11, 2006 in Greene County, which granted a motion by defendant Hoosick Valley Contractors, Inc. to stay arbitration between it and, among others, defendant Albany Medical Center.

Plaintiff was injured in the course of his employment with Tri-Valley Plumbing & Heating, a subcontractor on a hospital construction project. He thereafter commenced the instant action against the hospital, as well as the general contractor on the project. Several months later, the hospital filed a demand for arbitration seeking to arbitrate the issue of indemnification by the general contractor and/or Tri-Valley. In the course of this action, the general contractor, on behalf of itself and Tri-Valley, moved to stay that arbitration. The hospital cross-moved to compel it. Supreme Court issued an order which stayed arbitra-

tion. As correctly argued by the hospital, this was error with respect to Tri-Valley.

"A court has no power to grant relief against an entity not named as a party and not properly summoned before the court" (*Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 28 AD3d 457, 460 [2006] [citations omitted]; *see Hartloff v Hartloff*, 296 AD2d 849, 850 [2002]; *Blake v LP 591 Ocean Realty*, 237 AD2d 554 [1997]). There is no dispute that Tri-Valley has not been named in this action nor was it summoned before Supreme Court. This being the case, Supreme Court should not have ordered relief on the parties' respective motions as against Tri-Valley as the court did not have jurisdiction over that entity (*see Matter of Salvaggio [McEwen—National School Bus Serv.]*, 247 AD2d 875, 876 [1998]; *Blake v LP 591 Ocean Realty, supra*; *Matter of Montgomery v Muller*, 176 AD2d 29, 33 [1992], *lv denied* 80 NY2d 751 [1992]; *Surdam v Vance*, 160 AD2d 1142, 1143-1144 [1990]; *compare Matter of Eagle Ins. Co. [Villegas—State Farm Mut. Auto. Ins. Co.]*, 307 AD2d 879, 880 [2003]; *Matter of American Tr. Ins. Co. [Carillo]*, 307 AD2d 220, 221 [2003]; *Matter of Liberty Mut. Ins. Co. [Markovitch—Eagle Fuel Transp.—AIU Ins. Co.]*, 214 AD2d 734, 735 [1995]; *Matter of Allstate Ins. Co. v Perez*, 157 AD2d 521, 523 [1990]; *Matter of American Sec. Ins. Co. v Stanley*, 86 AD2d 834, 835 [1982]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as stayed arbitration with respect to Tri-Valley Plumbing & Heating, and, as so modified, affirmed.