LISA A. SERRADILLA et al., Respondents, v LORDS CORPORATION et al., Defendants, and RONALD VARGO et al., Appellants. [855 NYS2d 99]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about February 27, 2007, which denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to dismiss plaintiff's first three causes of action as against defendant City of New York, and otherwise affirmed, without costs.

Plaintiffs allege that they purchased a single room occupancy multiple dwelling for the purpose of renovating it and occupying it as a single-family home, but were unable to commence the renovation because a vacate order issued before they took title had not been cured, precluding issuance of the certificate of no harassment that was needed to obtain a building permit (*see* Administrative Code of City of NY § 27-198). Plaintiffs further allege that they were unaware of the existence of the vacate order, or of the need for a certificate of no harassment, due to the

negligence of defendants-appellants—the attorney who represented plaintiffs at the closing, the architect who prepared the renovation plans and submitted them to the City's Department of Buildings, and the City of New York whose Department of Housing Preservation and Development (HPD) issued the vacate order and is the agency authorized to issue certificates of no harassment. Plaintiffs' first cause of action as against the City for negligence should be dismissed for lack of evidence that the City owed plaintiffs, as opposed to the general public, a duty to serve, file or publish the vacate order (*see Lauer v City of New York*, 95 NY2d 95, 100-101 [2000]). Plaintiffs were not the record owners of the building at the time the vacate order was issued, and the record establishes that the City complied with the procedures in place at that time. Nor do plaintiffs adduce evidence that HPD assumed an affirmative duty to act on their behalf, or that HPD's agents knew that inaction would harm them, such as might raise an issue of fact as to whether the City owed plaintiffs a duty to serve, file and publish the vacate order based on a "special relationship" (*see id.* at 102). Plaintiffs' second cause of action for illegal denial of the building permit should be dismissed because the City's decision whether to issue a permit is discretionary, and thus immune from lawsuits (*see City of New York v 17 Vista Assoc.*, 84 NY2d 299, 307 [1994]). While the City raised this issue for the first time on appeal, "there is a sufficient record on appeal and the issue is determinative" (*Matter of Allstate Ins. Co. v Perez*, 157 AD2d 521, 523 [1990]). Plaintiff's third cause of action for "financial hardship" should be dismissed as derivative of the first two causes of action. The City's challenges to plaintiffs' fifth and sixth causes of action for denial of due process and regulatory taking of property, as moot and/or premature, were improperly raised for the first time in the City's reply papers, and we decline to consider them (*see Dannasch v Bifulco*, 184 AD2d 415, 416-417 [1992]). We note the absence of argument on plaintiffs' fourth cause of action. Concerning plaintiffs' cause of action against the architect for professional malpractice alleging, inter alia, his failure to obtain a certificate of no harassment, issues of fact exist, including when the architect's professional relationship with plaintiffs ended, and thus whether the complaint as against him is time-barred under CPLR 214 (6) (*see N. R. S. Constr. Corp. v Board of Educ., Cent. School Dist. No. 2, Towns of Yorktown, New Castle & Cortlandt*, 82 AD2d 876 [1981]). Such issue is raised by documentary evidence tending to show that the architect was retained not just to draft construction plans but also to obtain Building Department permits and approvals (*see Matter of Kohn Pederson Fox Assoc.*

*[FDIC]*, 189 AD2d 557, 558 [1993]). Concerning the cause of action against the attorney for legal malpractice alleging, inter alia, his failure to advise plaintiffs of the need for a certificate of no harassment, the attorney failed to meet his initial burden of coming forward with evidence establishing, inter alia, that his only obligation to plaintiffs was to ensure that marketable title was transferred at closing and that the requisite standard of care did not require that he advise plaintiffs, prior to closing, of the need for a certificate of no harassment (*see Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 283-284 [1999]). Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.