■ In the Matter of MAYA ASSURANCE COMPANY, Appellant, v IQBAL HUSSAIN, Respondent. GEICO, et al., Proposed Additional Respondents. [927 NYS2d 796]—

The petitioner, Maya Assurance Company (hereinafter Maya), commenced this proceeding to stay arbitration demanded by the respondent, Iqbal Hussain. After the proceeding was commenced, the Supreme Court granted Maya leave to add GEICO as a respondent to the proceeding (*see* CPLR 401; *see also* 1003).

Although service of the notice of petition to stay arbitration by registered or certified mail (return receipt requested) is sufficient to confer jurisdiction over a party to the proposed arbitration (*see* CPLR 7503 [c]), it was insufficient to confer jurisdiction over GEICO since it was not a party to the proposed arbitration (*see Matter of Liberty Mut. Ins. Co. [Markovitch—Eagle Fuel Transp.—AIU Ins. Co.]*, 214 AD2d 734, 734-735 [1995]; *Lumbermens Mut. Cas. Co. v Oliphant*, 152 AD2d 541, 542 [1989]; *Matter of Hanover Ins. Co. v McIntyre*, 142 AD2d 728, 729 [1988]; *Matter of Allcity Ins. Co. [Guy]*, 97 AD2d 374, 374 [1983]; *Matter of American Sec. Ins. Co. v Stanley*, 86 AD2d 834, 835 [1982]; *see generally* CPLR 403 [c]). Moreover, contrary to Maya's contention, GEICO did not waive its contention that personal jurisdiction was not properly obtained (*see* CPLR 320 [b]; *Gager v White*, 53 NY2d 475, 487-488 [1981], *cert denied sub nom. J.E. Guertin Co. v Cachat*, 454 US 1086 [1981]; *Beris v Miller*, 128 AD2d 822, 823 [1987]).

Maya's remaining contentions are either unpreserved for appellate review or without merit.

Accordingly, the Supreme Court properly denied the petition and directed the parties to proceed to arbitration. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.