■ EDWARDS, ANGELL, PALMER & DODGE, LLP, Respondent, v THOMAS GERSCHMAN, Appellant. [984 NYS2d 392]—

In an action, inter alia, to recover fees for legal services rendered, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated March 28, 2013, which denied, as academic, his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant was properly served with copies of the summons and complaint pursuant to CPLR 308 (1), and thereafter a new determination of the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

The plaintiff law firm commenced this action, inter alia, to recover fees for legal services rendered. According to an affidavit of service, a process server personally served the defendant at

an address in Sagaponack on October 23, 2012. By notice of motion dated February 4, 2013, the defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. In the order appealed from, the Supreme Court denied the defendant's motion as academic, noting that the parties, on February 3, 2013, entered into a preliminary conference order. The defendant appeals.

"A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*Scarano v Scarano*, 63 AD3d at 716, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *see Bank of N.Y. v Samuels*, 107 AD3d 653, 653 [2013]).

Here, although the process server's affidavit constituted prima facie evidence of proper service, the defendant's sworn claims that his lease for the subject premises expired in May 2007, and was not extended, that he vacated the premises in approximately May 2007, and that he did not reside at the subject premises at the time of alleged service of copies of the summons and complaint, along with his submission of documentary and other evidence supporting those claims, was sufficient to rebut the prima facie showing, and to necessitate a hearing (*see Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC*, 106 AD3d 863, 864 [2013]; *Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015-1016 [2011]). Further, to the extent that the Supreme Court denied the defendant's motion based on its conclusion that he waived his defense predicated on lack of personal jurisdiction, this was error. Since the defendant both asserted this affirmative defense in his answer and moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint on this ground, his participation in discovery did not result in the waiver of this defense (*see* CPLR 320 [b]; *Gager v White*, 53 NY2d 475, 487-488 [1981]; *Williams v Uptown Collision*, 243 AD2d 467, 467 [1997]; *Beris v Miller*, 128 AD2d 822, 823 [1987]; *Calloway v National Servs. Indus.*, 93 AD2d 734, 734-735 [1983], *affd* 60 NY2d 906 [1983]; *see also Matter of Maya Assur. Co. v Hussain*, 87 AD3d 536, 536 [2011]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant

was properly served with the summons and complaint pursuant to CPLR 308 (1), and thereafter a new determination of the defendant's motion. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.