■ NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant, v ENNEAD ARCHITECTS LLP, Respondent. [49 NYS3d 462]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 15, 2016, which granted defendant's motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On this CPLR 3211 (a) (5) motion, defendant did not meet its initial burden of "establishing, prima facie, that the time in which to sue has expired" (*Benn v Benn*, 82 AD3d 548, 548 [1st Dept 2011]). A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations, which accrues upon "termination of the professional relationship"—that is, when it "completes its performance of significant (i.e. non-ministerial) duties under the parties' contract" (*Sendar Dev. Co., LLC v CMA Design Studio P.C.*, 68 AD3d 500, 503 [1st Dept 2009]). As this action was brought on February 27, 2015, plaintiff's claims were timely so long as they accrued on or after February 27, 2012.

Here, defendant continued to carry out its contractual duties well after February of 2012 by, for example, assisting plaintiff with obtaining a final certificate of occupancy (*see e.g. Serradilla v Lords Corp.*, 50 AD3d 345, 346 [1st Dept 2008]). Defendant was contractually obligated to review "as built" drawings under the relevant agreement, which it continued to do after February of 2012 (*Parsons Brinckerhoff Quade & Douglas v EnergyPro Constr. Partners*, 271 AD2d 233, 234 [1st Dept

2000]). The provisions of the parties' contract that the IAS court relied upon in determining that the parties' relationship ended in 2009 when the work was "substantially completed" were at best ambiguous, and certainly not sufficient to satisfy defendant's threshold burden of establishing untimeliness (*Benn*, 82 AD3d at 548; *Rosalie Estates v Colonia Ins. Co.*, 227 AD2d 335, 336 [1st Dept 1996]).

As an alternative holding, we conclude that the continuous representation doctrine toll applies, at least with respect to defendant's attempts after February 2012 to remedy the faulty design of the custom etched-glass windows (*City of New York v Castro-Blanco, Piscioneri & Assoc.*, 222 AD2d 226, 227-228 [1st Dept 1995]). Defendant does not dispute that it performed these services within three years of the action being commenced. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.