Century Tower Assoc. NY LLC v Feld, Kaminetzsky & Cohen (2023 NY Slip Op 01162)

Century Tower Assoc. NY LLC v Feld, Kaminetzsky & Cohen

2023 NY Slip Op 01162

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 653468/20 Appeal No. 17454 Case No. 2022-01933 

[*1]Century Tower Associates NY LLC, Plaintiff-Respondent,
v
Feld, Kaminetzsky & Cohen etc., Defendant-Appellant, Digger Specialties, Inc., et al., Defendants-Respondents, Avcon Railing Systems, Defendant.

Donovan Hatem LLP, New York (Scott K. Winikow of counsel), for appellant.
Pryor Cashman LLP, New York (Meghan Hill of counsel), for Century Tower Associates NY LLC, respondent.
Faegre Drinker Biddle & Reath LLP, New York (Brian P. Morgan of counsel), for Digger Specialties, Inc., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for Structural Preservation Systems, LLC, respondent.

Order, Supreme Court, New York County (William Perry, J.), entered January 28, 2022, which denied defendant Feld, Kaminetzsky & Cohen, a Division of GEI Consultants, Inc., P.C.'s (GEI) motion to dismiss the complaint and all cross claims against it, unanimously affirmed, without costs.
In this action plaintiff alleges that defendants installed defective balcony railings at its building. Defendant GEI, the architect of the project, is not entitled to dismissal of the complaint on documentary evidence and statute of limitations grounds. GEI failed to eliminate issues of fact as to when the claims against it accrued. While GEI's submissions indicate that it completed its work in December 2015, the relevant contractual and project documents demonstrate that GEI agreed to serve as architect, and required GEI to submit a certificate of payment after the work was completed. On the record before us, it is unclear when, or if, GEI issued the certificate of payment (see New York City Sch. Constr. Auth. v Ennead Architects LLP, 148 AD3d 618, 619 [1st Dept 2017]). Moreover, GEI failed to eliminate issues of fact as to whether the continuous representation doctrine toll applies. GEI's submissions do not conclusively establish that it did not participate in remediation efforts between 2017 and 2019 (see City of New York v Castro-Blanco, Piscioneri & Assoc., 222 AD2d 226, 227 [1st Dept 1995]). GEI therefore failed to establish untimeliness (see New York City Sch. Constr. Auth. v Ennead Architects LLP, 148 AD3d at 619).
GEI's motion to dismiss any cross claims is premature. Although plaintiff's cause of action against the codefendants may ultimately be shown to lack merit or be barred by the statute of limitations, those causes of action are still pending against the codefendants as they have not moved to dismiss. Therefore, the necessary predicate tort liability for contribution remains in this case, and the possibility that the codefendants may be found vicariously liable for GEI's failure remains, and the indemnification cross claims should also not be dismissed (see Healy v 169 E. 69th St. Corp., 189 AD3d 680,
681 [1st Dept 2020]; St. Patrick's Home for Aged & Infirm v Laticrete Intl., 264 AD2d 652, 658 [1st Dept 1999]).
We have considered and rejected GEI's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023