**Montano v New York City Dept. of Homeless Servs.**

2024 NY Slip Op 30501(U)

February 15, 2024

Supreme Court, New York County

Docket Number: Index No. 157326/2023

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. SABRINA KRAUS     PART     57M

*Justice*

----------------------------------------------------------------------------X

RALDY MONTANO

                     Plaintiff,

             - v -

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,

                 Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157326/2023 |
| MOTION DATE | 07/26/2023, 11/17/2023 |
| MOTION SEQ. NO. | 001 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 29

were read on this motion to/for       ARTICLE 78 (BODY OR OFFICER)    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28

were read on this motion to/for       INJUNCTION/RESTRAINING ORDER    .

## BACKGROUND

Petitioner brings this special proceeding seeking to prevent the construction and operation of a shelter for homeless adults that is planned for the Inwood neighborhood in upper Manhattan. Petitioner argues that the environmental review prepared by DHS for the project was inadequate, and that further review should be required. Petitioner also focuses on the presence of a nearby elementary school which is eligible for landmark status, and the fact that the site of the planned shelter is the former location of a burial ground for enslaved peoples and also has significance to Native Americans. Due to these elements, Petitioner also alleges that the plan violates the New York State Historic Preservation Act.

Respondent argues that the petition is time barred.

157326/2023   MONTANO, RALDY vs. NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES
Motion No. 001 002

Page 1 of 4

1 of 4

For the reasons stated below, the petition and order to show cause seeking a preliminary injunction are denied and the cross-motion to dismiss the proceeding as time barred is granted.

## DISCUSSION

"In moving to dismiss an action as barred by the statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired." *MTGLQ Invs., LP v. Wozencraft*, 172 A.D.3d 644, 644 (1st Dep't 2019); *see also New York City School Constr. Auth. v. Ennead Architects LLP*, 148 A.D.3d 618 (1st Dep't 2017). In an Article 78 proceeding, CPLR §217(1) requires a petitioner to commence their action "within four months after the determination to be reviewed becomes final and binding upon the petitioner." *See Banos v. Rhea*, 25 N.Y.3d 266, 276 (2015).

To determine when an action is final, consideration "must be given to the completeness of the administrative action" and whether "the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Essex County v. Zagata*, 91 N.Y.2d 447, 453 (1998). If further administrative action might prevent or ameliorate the injury purportedly inflicted by the challenged determination, an action is not final and binding. *Walton v. New York State Dept. of Correctional Servs.*, 6 N.Y.3d 186, 195 (2007) (*agency's determination underlying a contract with a private provider becomes final and binding when the contract is approved*).

Petitioner challenges the determination of DHS to contract for operation of a homeless shelter at the site, and DHS arrived at a definitive position on that issue when it entered into contract and the terms of the contract became final and binding upon the parties. DHS entered into a contract with Bowery Residents Committee ("BRC") for operation of this shelter on October 19, 2021. On January 5, 2022, DHS submitted the contract to the Comptroller for registration, with said registration occurring on January 31, 2022. Upon registration, the contract

**157326/2023   MONTANO, RALDY vs. NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**
**Motion No.  001 002**

Page 2 of 4

[* 2]

became final and binding on DHS and BRC, and no further administrative action could prevent or ameliorate any purported injury caused by DHS's determination. *See Walton*, 8 N.Y.3d at 195. As such, Petitioner's deadline to challenge the sufficiency of the environmental review was four months thereafter, or May 31, 2022.

The petition however was not filed until July 21, 2023, more than thirteen months after the expiration of the statute of limitations on Petitioner's claims. Petitioner's claims are therefore time-barred.

Petitioner argues a work permit, issued by the Department of Buildings ("DOB") in May 2023, constituted DHS' final action with respect to the challenged decision. However, DHS was already contractually bound to its decision to site the Shelter when the building permit issued, and no action taken by DOB would have prevented or ameliorated the alleged injury caused by the challenged decision.

Petitioner also argues, in the alternative, that there is ambiguity regarding when the underlying determination was finalized, and that precedent requires the ambiguity be construed against Respondent. The Court does not find any such ambiguity as on January 31, 2023, the contract was registered, the challenged determination became final and binding upon DHS, and DHS was bound to the terms of its contract as of said date.

Based on the forgoing the petition and order to show cause are denied and the cross-motion to dismiss is granted.

WHEREFORE it is hereby:

ADJUDGED that the petition for relief pursuant to Article 78 and Petitioner's order to show cause for a preliminary injunction are denied, the cross-motion is granted, and the proceeding is dismissed; and it is further

**157326/2023  MONTANO, RALDY vs. NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that, within 20 days from entry of this order, Respondent shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);].

This constitutes the decision and order of the court.

20240215141500SBKRAUS130F7B2EAA01430BA1EB34E25FEC4141

_____
2/15/2024
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157326/2023   MONTANO, RALDY vs. NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**
**Motion No.  001 002**

**Page 4 of 4**

4 of 4

[* 4]