1232 S. Blvd LLC v FXFowle Architects, LLP (2024 NY Slip Op 06292)

1232 S. Blvd LLC v FXFowle Architects, LLP

2024 NY Slip Op 06292

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 808736/22 Appeal No. 3271 Case No. 2024-00630 

[*1]1232 Southern Blvd LLC, Plaintiff-Respondent,
v
FXFowle Architects, LLP, Now Known as FXCollaborative Architects LLP Defendant-Appellant, Chris Anastos, P.E.Doing Business as Anastos Engineering Associates, et al., Defendants.

Quinn McCabe LLP, New York (Kevin Scully of counsel), for appellant.
Smith Gambrell Russell, New York (Daniel Q. Horner of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 25, 2023, which, to the extent appealed from as limited by the briefs, denied defendant FXFowle Architects, LLP n/k/a FXCollaborative Architects LLP's (FXF) motion to dismiss plaintiff's professional malpractice claim pursuant to CPLR 3211(a)(5) and 214(6), unanimously affirmed, with costs.
FXF's motion to dismiss the professional malpractice claim against it as time-barred was properly denied (see Century Tower Assoc. NY LLC v Feld, Kaminetzsky & Cohen, 214 AD3d 434, 435 [1st Dept 2023] [denying defendants' motion to dismiss on statute of limitations grounds where the defendant architect "failed to eliminate issues of fact as to whether the continuous representation doctrine toll applies" by "conclusively establish(ing) that it did not participate in remediation efforts" concerning the defective balcony railings at plaintiff's building]). FXF demonstrated that it completed its services on February 28, 2018, and the instant action, alleging negligence arising from the design of plaintiff's building's drainage system, was not commenced until over four years later, on June 10, 2022. However, email correspondence from 2019 and 2020 shows that, after the drainage system flooded, FXF contacted an engineering consultant to inspect the premises, the engineering consultant sent FXF a report on its findings, and FXF continued to coordinate and participate in conferences with plaintiff and subcontractors regarding the alleged faulty drainage system. Even if FXF visited the premises in July 2019 in anticipation of litigation, subsequent emails demonstrate that plaintiff sought further advice and strategy from FXF regarding the drainage system, and FXF continued to assist in remediation efforts. Accordingly, on this record, defendant has failed to "meet its initial burden of establishing, prima facie, that the time in which to sue has expired," as the continuous representation doctrine toll may apply (see New York City Sch. Constr. Auth. v Ennead Architects LLP, 148 AD3d 618, 618 [1st Dept 2017]; Century Tower Assoc. NY LLC, 214 AD3d at 435).
We have considered FXF's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024